UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CR515CEJ(MLM) |
| ) | |
| RALPH BALLARD, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court following an Evidentiary Hearing on defendant's Motion to Suppress Evidence. [Doc. 16][1] The government filed a written Response. [Doc. 17] At the Hearing, defendant appeared in person and by counsel, Mr. William Margulis. The government was represented by Assistant United States Attorney Carrie Costantin.

The government presented the testimony of Detective Andrew Brown of the St. John Police Department. Defendant did not present evidence. Based on the testimony and evidence adduced, the undersigned makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Det. Brown testified he has been a police officer for seven years and a detective for five years. His duties include the investigation of crimes involving child pornography.

On January 22, 2009 he presented to the Honorable Ellen Siwak of the St. Louis County Circuit Court an Application for a Search Warrant at 324 Kings Court, St. Louis, 63034. Gov.Ex.1. He also presented an Affidavit in Support. Gov.Ex.1. The Affidavit

---

[1] As the findings of fact demonstrate, defendant made a brief statement. Defendant's counsel made it clear on the record that defendant is not challenging the admission of the statement.

describes and lists in detail the purpose and scope of the search which includes all forms of evidence of child pornography.[2] The Affidavit describes the residence with particularity and sets out Det. Brown's experience in the investigation of sexual offenses including the promotion of child pornography.

The Affidavit states that on 1/19/09 Cpl. Bruce Khamke of the St. John Police Department responded to a call at 9317 Shirley Gardens, Apartment D, St. John, 63114. Upon arrival he was contacted by a witness identified as Tameria Butcher, dob 7/2/74 of the Shirley Gardens address. Ms. Butcher gave Cpl. Khamke two USB thumb drives that she believed contained images of children involved in sexual activity. She placed the thumb drives in her computer and opened an image that Cpl. Khamke described as three boys, approximately ten years of age involved in sexual activity. Ms. Butcher said that the thumb drives were given to her by her landlord, Ralph Ballard, w/m dob 2/12/34, SSN xxx-xx-4665, who resided at 324 Kings Court, St. Louis, 63034. Cpl. Khamke seized the thumb drives. On 1/20/09[3] PO Rackers and Det. Brown responded to Ms. Butcher's residence where she completed and signed a Permission to Search form regarding the USB thumb drives. Ms. Butcher told the officers that defendant had given her the first USB thumb drive as a gift in late December, 2008 when he learned that she owned and enjoyed watching pornography. Defendant told her he "had some movies for her" on the thumb drive. Ms. Butcher said that she was not very good with computers and could not open the

---

[2] The entire Affidavit contains the probable cause for the search and it is incorporated by reference as if fully set out herein. It is summarized merely for the convenience of the District Court.

[3] It is to be noted that there is a typographical error in both Gov.Ex.1 and Gov.Ex.2 (the second Search Warrant). Both say in ¶3 that "on 2/20/09 PO Rackers and I. . ." Clearly this is a typo and should read "on 1/20/09. . ." Det. Brown testified he was not even aware of the typographical error until AUSA Costantin pointed it out to him.

files on the thumb drive. She further stated that on 1/19/09 defendant was inside her residence and produced a second USB thumb drive and put it in her computer. Ms. Butcher stated that defendant opened several files before leaving the residence with the thumb drive in the computer. Ms. Butcher stated that defendant told her on his way out that he "had more movies for her to watch" referring to the thumb drive in the computer. Ms. Butcher states that when she viewed the contents of the thumb drive she felt that the movies contained images of children and called the police.

Ms. Butcher further stated that she has had past conversations with defendant where he has produced from his pocket a USB thumb drive identical to the ones given to her. Defendant has stated to her "My wife can never find this" referring to the thumb drive. Ms. Butcher informed the officers that defendant is in possession of the thumb drive at all times. The two seized USB thumb drives along with the Permission to Search form were delivered to Det. Kenneth Nix of RCCEEG for analysis of their content.

On 1/22/09 Det. Nix completed his analysis which indicates that the two USB thumb drives contain in excess of 25 movie files which contain images of minor children engaged in sexual activity both fully nude and partially clothed.

Det. Brown conducted an Ameren UE utilities check of 324 Kings Court, St. Louis, 63034 and found that the address is registered to Ralph Ballard. Ballard has a valid Missouri driver's license which indicates his address as indicated. He and his wife also have a Ford van registered to that address.

Det. Brown describes in five paragraphs his experience with the habits of those who are interested in child pornography, child exploitation and their use of the computer and Internet and the retention of the files they retrieve.

Based on the information contained in the Application and Affidavit, Judge Siwak signed a Search Warrant for 324 Kings Court.

Det. Brown testified the Search Warrant was executed on 1/23/09 at approximately 12:15 p.m. Defendant and his wife were leaving the residence and Det. Brown contacted them on the street. He told them why the officers were there and placed defendant under arrest. He explained they had a Search Warrant for the residence which included all computers and he asked who owned the computers. Defendant replied that his wife owned the computers. He then said he did not wish to speak further without an attorney. Det. Brown placed defendant in the back of a patrol car where defendant remained during the search. The officers seized, *inter alia*, three computer towers, a zip drive, floppy disks, CD/DVD's, flash drives and memory cards, all of which are enumerated in Gov.Ex.2.

On 1/28/09 Det. Brown presented to the Honorable Barbara Wallace of the St. Louis County Circuit Court and Application and Affidavit in support of a Search Warrant for the items seized. Gov.Ex.2. The Affidavit is identical to Gov.Ex.1 except that it lists as the object of the search the items that were seized during the execution of the previously described Search Warrant.[4] Based on the information contained in the Application and Affidavit, Judge Wallace signed a Search Warrant for the seized items.

## **CONCLUSIONS OF LAW**

Defendant argues that the two Search Warrants were not supported by probable cause because Ms. Butcher was an "untested informant." Ms. Butcher was not an "untested informant." She was a citizen reporting a crime.

---

[4] See FN 2.

Search warrants to be valid must be based on a finding by a neutral detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, contraband or a person for whose arrest there is probable cause may be found in the place to be searched. Johnson v. United States, 333 U.S. 10 (1948); Warden v. Hayden, 387 U.S. 294 (1967); Fed.R.Crim.P. 41. The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause is "a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232. Applications and affidavits should be read with common sense and not in a grudging, hypertechnical fashion. United States v. Ventresca, 380 U.S. 102, 109 (1965). Information contained in applications and affidavits for search warrants must be examined in the totality of the circumstances presented. Gates, 462 U.S. at 230. The duty of the reviewing judge "is simply to ensure that the [issuing judge] had a `substantial basis for . . . conclud[ing]' that probable cause existed." Gates, 462 U.S. at 238-39, quoting Jones v. United States, 362 U.S. 257, 271 (1960). Once a judicial officer has issued a warrant upon a finding of probable cause, that finding deserves great deference. Gates, 462 U.S. at 236. The affidavit presented in the instant case clearly contains the "fair probability" that evidence, instrumentalities or fruits of a crime or contraband would be found at the address indicated. The facts set out above show that there was a substantial basis for concluding that probable cause existed.

In United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) the Eighth Circuit held that when an issuing judge relies solely on a supporting affidavit to issue a warrant "only that information which is found within the four corners of the affidavit may be

considered in determining the existence of probable cause", quoting United States v. Etheridge, 165 F.3d 655, 656 (8th Cir. 1999), quoting United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995); United States v. Wells, 347 F.3d 280, 286 (8th Cir. 2004) (when issuing court relies solely on an affidavit to determine whether probable cause exists, only the information found within the four corners of the affidavit may be considered by reviewing court).

A search warrant must describe with particularity the place to be searched and the things to be seized. U.S. Const. Amend. IV; Rule 41, Federal Rules of Criminal Procedure. Police officers executing a search warrant may search for and seize items described in the search warrant. They may also seize other items of evidence, contraband or instrumentalities of a crime if discovered during the reasonable course of the search. Warden v. Hayden, 387 U.S. 294, 298-301 (1967); United States v. Peterson, 867 F.2d 1110, 1112-14 (8th Cir. 1989). The discovery of such other items need not be "inadvertent." See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 2308-11 (1990).

In the present case Ms. Butcher, a private citizen, told the officers that her landlord, defendant Ralph Ballard, had given her thumb drives that she believed contained child pornography. She said defendant did not want his wife to see the thumb drives. Both Cpl. Khamke and Det. Brown confirmed that the thumb drives contained child pornography, that is, images of minors engaged in sexual activity. The Affidavits describe the tendency of persons who collect child pornography to retain the files. Det. Brown confirmed defendant's address by utilities check, a driver's license check and a motor vehicle records check. There is no question that the first Affidavit contains probable cause to authorize a search of defendant's residence and the second Affidavit contains probable cause to search the items seized.

In <u>Walden v. Carmack</u>, 156 F.3d 861, 870 (8th Cir. 1998) the Eighth Circuit held that "probable cause may be found in heresay statements from reliable persons [citations omitted], in heresay statements from confidential informants corroborated by independent investigation [citations omitted], or in observations made by trained law enforcement officers [citations omitted]." <u>Walden</u>, 156 F.3d at 870.

In <u>Illinois v. Gates</u>, 426 U.S. at 233-34, the seminal search warrant case, the Supreme Court discussed the reliability of reports by citizens:

> Likewise, if an unquestionably honest citizen comes forward with a report of criminal activity - - which if fabricated would subject him to criminal liability - - we have found rigorous scrutiny of the basis of his knowledge unnecessary.

<u>Illinois v. Gates</u>, 462 U.S. at 233-34.

In the present case Ms. Butcher called the officers to report what she believed to be a crime. She did not conceal her identity. She signed a written permission for the police to take and search the thumb drives. Det. Brown testified that when he spoke to her she was crying, upset and "devastated." If Ms. Butcher were making up the source of the thumb drives, she would have subjected herself to charges of making a false police report and possession of child pornography. Statements against penal interest add to any informant's indicia of reliability, "because individuals do not blithely admit to criminal activity." <u>United States v. Luna</u>, 1993 WL 522189 at *2 (9th Cir.(Cal.) Dec. 14, 1993) (unpublished). <u>See</u> <u>also</u> <u>United States v. Golay</u>, 502 F.2d 182, 186-87 (8th Cir. 1974) (admission against penal interest provides basis for magistrate to determine that informant is credible and his information is reliable).

Numerous cases support the proposition that citizens reporting crimes are not subject to the same scrutiny as confidential informants or jailhouse informants. In <u>United

States v. Ross, 713 F.2d 389 (8th Cir. 1983) information was provided by a telephone repairman who overheard a conversation about explosives.  Based on his report officers obtained a search warrant.  The court upheld the search warrant in the face of a challenge that the affidavit did not contain information regarding the repairman's credibility.  The court said "We here deal with a citizen informant with no motive to falsify, rather than a professional informant, with attendant credibility concerns." Id. at 393.  See also United States v. Lewis, 738 F.2d 916, 922 (8th Cir. 1984) (upholding the search warrant where the informant was a named private citizen who volunteered to assist the agent, had no motive to falsify and whose basis of knowledge was clearly revealed in the affidavit).

Because of the similarity of facts, the government cites an unreported Report and Recommendation (adopted by the District Court) of a Magistrate Judge in the Western District of Missouri.  U.S. v. Kahmann, 2007 WL 909733.  In this case the defendant's roommate reported than an acquaintance had told him that defendant had child pornography on his computer and the roommate checked it and found images of minors engaged in sexual activity.  The judge stated:

> The showings of reliability and veracity that the Defendant demands here are required, of course, of confidential informants.  But these requirements are imposed less, if at all, on victims, witnesses and mere "citizen-informants" as opposed to professional informants.
> . . .
> In short, there is no strict requirement that the statements of an average citizen such as Defendant's roommate must be corroborated by law enforcement to establish the requisite probable cause.  United States v. Blount, 123 F.3d 831, 836 (5th Cir. 1997) (citing Illinois v. Gates, 462 U.S. 213, 233-34, (1983)).

Id. at *5.

In the present case both Cpl. Khamke and the affiant, Det. Brown, corroborated Ms. Butcher's observations. Ms. Butcher was a private citizen who was presumed reliable[5] and her information was corroborated by police. There was probable cause to support the Search Warrant for defendant's residence and the Search Warrant for the items seized. The Motion to Suppress Evidence should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence be **DENIED**. [Doc. 16]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   6th   day of October, 2009.

---

[5] To whatever extent defendant's counsel attempted on cross-examination to raise an inference that Ms. Butcher might have been late in her rent or about to be evicted and was therefore biased against defendant, the court reiterates that a reviewing judge is bound by the information contained within the four corners of the affidavit. Solomon, 432 F.3d at 827. In any event, Det. Brown testified he did not know whether Ms. Butcher was late in her rent or about to be evicted and defendant presented no evidence of such to the court.