UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CR-515 CEJ |
| | ) | |
| RALPH BALLARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Mary Ann L. Medler for determination and recommended disposition, where appropriate. On October 6, 2009, Judge Medler issued a Report and Recommendation with respect to the motion filed by defendant Ralph Ballard to suppress evidence. The defendant filed timely objections to the magistrate judge's recommendation that his suppression motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objections are made. Having done so, the Court concludes that the factual findings made by Judge Medler are supported by the evidence and that her legal conclusions are correct.

I. **Discussion**

The facts are not in dispute. On January 23, 2009, a search warrant was executed at the defendant's home. On January 28, 2009, a search warrant was executed upon property seized in connection with the first search warrant. The search warrants were issued upon the applications and affidavits Andrew Brown of

the St. John, Missouri Police Department. The affidavit supporting the second search warrant application contained a list of items seized during the execution of the first search warrant. Otherwise, the affidavits are identical. Both affidavits describe information that the St. John police received on January 19, 2009, from an individual named Tameria Butcher, who identified herself as a tenant of the defendant's. Ms. Butcher told the police that the defendant had given her two USB thumb drives which contained images of children involved in sexual activity. Ms. Butcher told the police that the defendant gave the thumb drives to her after she told him of her interest in viewing pornography. Ms. Butcher also stated that the defendant kept an identical thumb drive in his possession at all times, and that he told her that he "had more movies for her to watch."

The magistrate judge found that the affidavits submitted by Detective Brown established probable cause for issuance of the search warrants. The defendant disputes this finding, arguing that probable cause was lacking because the affidavits consisted of information provided by "an unreliable, untested informant and the St. John Police did nothing to independently corroborate the information provided."

The affidavits did not consist solely of the statements made by Ms. Butcher. Rather, the affidavits described the content of the thumb drives (*i.e.*, images of minors engaged in sexual activity), the pedigree of the defendant, and Det. Brown's knowledge of the habits of individuals involved in child pornography based on his law enforcement experience. It is true that the defendant's identity and his connection to the thumb drives was based solely on Ms. Butcher's statements. However, Ms. Butcher was not an anonymous informant. Instead, she was a citizen reporting a

crime under circumstances that gave her statements reliability and credibility. It is noteworthy that Ms. Butcher initiated the contact with the police, and she voluntarily produced the thumb drives. She provided incriminating information that the police would not have otherwise known about, and by doing so she put herself in jeopardy of being arrested for possession of child pornography. Additionally, by implicating the defendant Ms. Butcher ran the further risk of being prosecuted for making a false police report if her accusations proved untrue. Given these circumstances, Ms. Butcher's statements could properly be accorded the same degree of credibility given to confidential informants whose statements are independently corroborated. See, e.g., Illinois v. Gates, 426 U.S. 213, 233-34 (1983)("Likewise, if an unquestionably honest citizen comes forward with a report of criminal activity---which if fabricated would subject him to criminal liability---we have found rigorous scrutiny of the basis of his knowledge unnecessary."); United States v. Golay, 502 F.2d 182, 186-87 (8th Cir. 1974) (informant's statements against penal interest provide basis for determination that he is credible and his information is reliable).

The Court concludes that Det. Brown's affidavits contained sufficient, reliable information to establish probable cause for issuance of the search warrants. Further, the Court concludes that there is no factual or legal basis for suppressing the evidence seized from the defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motion of defendant Ralph Ballard to suppress evidence [Doc. #16] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2009.